# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALEXANDER JIGGETTS,<br><br>  Plaintiff,<br><br>v.<br><br>MARILYN MOSBY,<br>JUDGE CHARLES PETERS,<br>BALTIMORE CITY CIRCUIT COURT CLERK,<br><br>  Defendants. | Civil Action No.: ELH-20-493 |

## MEMORANDUM

In this civil rights complaint filed pursuant to 42 U.S.C. § 1983 on February 24, 2020, plaintiff Alexander Jiggetts, who is self represented, asserts that he filed a petition for actual innocence in the Circuit Court for Baltimore City on January 26, 2020, but the court has not yet acted on the petition. ECF 1 at 1-2. He accompanies his Complaint with a motion to proceed in forma pauperis, which the court shall grant. ECF 2.

Jiggetts states the "parties . . . refuse to act on [his] petition or make it available for case search and all parties told [him] do not call them again about it." ECF 1 at 1-2. Jiggetts adds that it "has been 20 days and the courts have not moved on the case and the statute shows that the court shall grant the petition and tell the state to give a[n] answer in 90 days. . . ." *Id*. at 2. According to Jiggetts, the prohibition against him calling the court makes it impossible for him to litigate his pending petition, and he seeks an injunction from this court "asking [the] Judge to move on this case immediately;" allowing him to "correspond" by phone; giving him "the same authority as a[n] attorney to litigate this matter;" and requiring placement of his pending petition on Maryland

Judiciary Case Search so that he can keep informed of what is occurring in the case. *Id*. In addition, Jiggetts seeks monetary damages. *Id*.

Jiggetts filed this Complaint in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, however, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Nevertheless, this court is mindful of its obligation to liberally construe pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In evaluating the Complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

The Complaint, even when construed liberally, does not state a viable claim upon which relief may be granted. This court does not have jurisdiction to require a state court or agency to take action or refrain from an action. *See Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969) (federal courts do not have jurisdiction to issue a writ of mandamus commanding a State court to entertain a motion). Thus, the injunctive relief sought is unavailable.

In addition, the claim for damages is without merit. Jiggetts' claim against Judge Peters, of the Circuit Court for Baltimore City, is barred by absolute immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam).

Judicial immunity is an absolute immunity. It does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id*. at 11. And, an act is still judicial, and immunity applies, even if the judge commits "grave procedural errors." *Stump v. Sparkman,* 435 U.S. 349, 359 (1978).

Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump,* 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010). Jiggetts' claim for damages against Judge Peters is barred and must be dismissed.

Maryland's States Attorneys are quasi-judicial officers who also enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). Here, however, there is no

3

indication that the inaction on Jiggetts' petition for writ of actual innocence was the decision of State's Attorney Marilyn Mosby. The claim against her must be dismissed for failure to state a claim.

The claim against the Circuit Court's Clerk, named as a defendant in the Complaint but erroneously left off of the docket in this case, is likewise without merit. Jiggetts' assertion that he has not been allowed to phone the court does not implicate a constitutional right. He has not been denied access to the court, as he has admittedly filed a petition that is currently pending. Further, he does not allege he has been barred in any manner from the courthouse, only that he was told not to call the Clerk's office anymore. *See Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002) (access to courts claims fall in one of two categories: (1) official action frustrates ability to bring suit; or (2) an action cannot be tried because of past official action.).[1]

Thus the claim against the Court Clerk must also be dismissed.

A separate Order follows.

March 2, 2020  /s/
Date  Ellen L. Hollander
 United States District Judge

---

[1] In addition, "[c]ourt clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction." *Hamilton v. Murray*, 648 F. App'x 344, 344-45 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 1225 (2017); *see McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972).